UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MARY PURDHAM,

  *Plaintiff-Appellant,*

v.

STRATEGIC TECHNOLOGIES,
INCORPORATED,

  *Defendant-Appellee.*

No. 01-2095

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CA-00-138-4-H)

Submitted: February 28, 2002

Decided: May 15, 2002

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

T. David Higgins, Jr., HIGGINS MINSKER, P.L.L.C., Charlotte, North Carolina, for Appellant. L. Diane Tindall, Mary M. Krupnow, WYRICK, ROBBINS, YATES & PONTON, L.L.P., Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Mary Purdham filed an action alleging her former employer, Strategic Technologies, Inc. ("STI"), fired her due to her pregnancy, in violation of 42 U.S.C. § 2000e-2(a)(1) (1994). STI moved for summary judgment, and the district court granted STI's motion. Purdham timely appealed. Finding no reversible error, we affirm.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

A pregnancy discrimination claim is analyzed identically to any other Title VII sex discrimination claim. *See DeJarnette v. Corning Inc.*, 133 F.3d 293, 297 (4th Cir. 1998). To establish a prima facie case of discriminatory discharge, Purdham must show: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) at the time of the adverse employment action, she was performing at a level that met STI's legitimate job expectations; and (4) the position was filled by a similarly qualified applicant outside the protected class. *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999). The fourth prong may also be met by other circumstances giving rise to an inference of unlawful discrimination. *EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 851 n.2 (4th Cir. 2001) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

If Purdham establishes a prima facie case, STI must articulate a legitimate, nondiscriminatory reason for the adverse employment

action. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). Purdham must then show the employer's proffered reason was a pretext for illegal discrimination. *Id.* at 143. The court may consider the evidence supporting Purdham's prima facie case in determining whether STI's explanation is pretextual. *Id.* Purdham has the ultimate burden of establishing STI discriminated against her because of her pregnancy. *Id.* (quoting *Burdine*, 450 U.S. at 253).

The district court found Purdham could not establish a prima facie case because she could not show she was meeting the legitimate expectations of STI at the time of her discharge, or that she presented evidence giving rise to a reasonable inference of discrimination. The court further found that even if Purdham could show a prima facie case, she had not presented sufficient facts to support a reasonable inference of discrimination based on her pregnancy. Even if we were to conclude that Purdham set forth sufficient facts to establish a prima facie case, our review of the record convinces us that Purdham has not shown STI's legitimate non-discriminatory reason for terminating her employment was pretextual. Purdham has not pointed to a truly similarly situated employee who was treated differently, and her evidence of suspicious timing is purely speculative. Moreover, we conclude that the evidence, taken in the light most favorable to Purdham, would not permit a rational factfinder to conclude STI's discharge was discriminatory. *Sears Roebuck & Co.*, 243 F.3d at 854.

Accordingly, we affirm on the reasoning of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*